UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:24CR219 HEA |
| | ) | |
| MICHAEL RANDOLPH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Michael Randolph's Motion to Revoke or Amend Detention Order [Doc. 170], which the Government opposes For the following reasons, the Motion is DENIED.

Background

On July 8, 2022, Defendant was indicted and charged with Conspiracy to Commit Murder for Higher in violation of 18 U.S.C. 11958, (Count I) Defendant appeared before Magistrate Judge Cohen for a detention hearing on July 22, 2026 and an Order of Detention was entered on July 22, 2026. Judge Cohen found that the Government had met its burden by clear and convincing evidence to show there were no conditions or combination of release this Court could impose to reasonably assure the safety of any other person and the community. Judge Cohen found the reasons for detention included the weight of evidence against Defendant

is strong; Defendant is subject to a lengthy period of incarceration if convicted; Defendant's prior criminal history; Defendant's participation in criminal activity while on probation, parole, or supervision, Defendant's history of violence or use of weapons, Defendant's lack of stable employment and lack of stable residence. Defendant now moves for *de novo* review of Judge Cohen's detention order pursuant to 18 U.S.C. § 3145(b).

## Discussion

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge,...the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." When considering a motion under § 3145(b), the Court conducts a *de novo* review and need not defer to the magistrate judge's findings. See *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (noting that the district court proceeds *de novo* in its review of a magistrate judge's pretrial bond order); *United States v. Cook*, 87 F.4th 920, 921 (8th Cir. 2023) (referencing the district court's de novo review of the magistrate judge's pretrial detention order).

Under 18 U.S.C. § 3142(e)(1), a defendant will be detained pending trial if there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." The Eighth Circuit Court of Appeals has explained that the

Government bears different burdens of proof for showing that the defendant is a flight risk, i.e., that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant, and for showing that the defendant is a safety risk, *i.e*., that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community. See *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). Specifically, pretrial detention is warranted "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will *reasonably assure* the defendant's appearance...." *Id.* at 797 (emphasis and ellipses in the original) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)). In determining whether the Government has met its burdens to prove that the defendant is a flight risk and a safety risk, the Court considers the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant asserts that he is a quadriplegic and needs constant supervision and care to provide him with all of the daily activities such as using the bathroom, dressing, personal care, as well as all movement from the bed to his wheelchair. He has developed new and developing wounds on his heel requiring medical attention which he does not receive at his current detention center, Pulaski County Jail. He believes staff members at Pulaski County Jail have not had anyone as an inmate who was without the use of his arms and legs, and are ill-equipped to handle the constant rigors, supervision, and medical maintenance that Defendant requires on a daily basis; he now has a viable home plan and intends on living with his mother; he has been released from the hospital after having been an inpatient from August 27, 2026 through September 10, 2026; he is subjected to vigorous ridicule and embarrassment because of the help he requires from other inmates; he

has come in contact with other inmates related to his current case, which he contends subjects him to concerns for his safety.

The Government counters Defendant's arguments by arguing that the nature of the charged offense, conspiracy to commit murder, is very serious. Defendant allegedly has used social media to provide the shooters with the victim's location; the weight of the evidence is strong and messages exchanged between Defendant and one of the alleged shooters were maintained by the social media company and obtained by law enforcement. The messages were also found on the alleged shooter's cell phone. Defendant has an extensive criminal history. Specifically, Defendant has prior felony convictions for Tampering First Degree, Resisting Arrest, Possession of a Controlled Substance (Case No. 1622-CR02250); Tampering First Degree, Resisting Arrest, Leaving the Scene of an Accident (Case No. 1622-CR05135); Robbery First Degree, Attempted Robbery First Degree (Case No. 1922-CR03120). The Defendant also has a history of violating the conditions of his supervision in the above cases. Defendant has threatened to kill or injure staff members at the facility in which he previously resided. He has been non-compliant with the U.S. Marshal's Service, has refused medically necessary care, has been rude and combative to hospital staff during his hospital stay.

Further, Defendant's mother does not appear to present the home plan which would assure the safety of others and the community. Defendant's mother is on

parole for Murder Second Degree, Armed Criminal Action, and Robbery First Degree. Defendant's mother also caused problems with the care facility staff.

Based on an independent review of the record, the Court concludes the Government has met its burden in proving that no condition or combination of conditions can reasonably ensure the safety of the community. The Court concludes that the specific nature of the alleged offense, which involves a coordinated scheme between multiple co-conspirators that targeted the victim via social media, indicates that residing with a third-party custodian would not adequately ensure the safety of other potential victims.

## Conclusion

Upon careful review of the record, the Court concludes there are no conditions or combination of conditions that would reasonably assure the safety of the community. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Michael Randolph's Motion to Revoke or Amend Detention Order [Doc. 170],'s is **DENIED**. Judge Cohen's

Detention Order remains in full force and effect.

Dated this 29th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE